UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| KRISTEN HYLAND, | No. C 10-00232 LB |
| Plaintiff, | **ORDER REGARDING PRETRIAL FILINGS** |
| v. | |
| CREDIT PROTECTION ASSOC., | |
| Defendant. | |

On March 30, 2011, in order to give the parties more time to engage in settlement discussions, the court ordered the parties to file their pretrial filings by April 7, 2011. ECF No. 55.[1] As detailed below, the parties failed to comply with the court's pretrial order, ECF No. 30.

**A. Joint Proposed Jury Instructions**

The court directed the parties to submit joint proposed jury instructions. ECF No. 30 at 4. The parties only partially complied with the court's directions. The joint proposed jury instructions filed by the parties included only unmodified preliminary, general, or concluding model jury instructions from the *Ninth Circuit Manual of Model Civil Jury Instructions* (2007). ECF No. 60. The parties also each filed a separate set of proposed jury instructions. ECF Nos. 61 and 69.

Based on a preliminary examination of the proposed jury instructions, the parties did not follow

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

ORDER REGARDING PRETRIAL FILINGS
C 10-00232 LB

the court's directions and did not coordinate or confer with each other prior to submitting the separate sets of proposed jury instructions. For example, Hyland's third proposed jury instruction reads:

> In determining the amount of statutory damages to be awarded, you shall consider among other relevant factors, the frequency and persistence of noncompliance of the FDCPA by the defendant, the nature of the noncompliance with the FDCPA, and the extent to which the noncompliance was intentional.

ECF No. 69 at 4. This is substantially similar to Credit Protection Association's eighth proposed jury instruction, which reads:

> In determining the amount of damages to award the plaintiff under the FDCPA and Rosenthal FDCPA, you should consider:
>
> - The frequency and persistence of non-compliance by the defendant;
> - The nature of such non-compliance;
> - The extent to which non-compliance was intentional

ECF No. 61 at 14. Thus, because the instructions are the same, the parties should have submitted a joint instruction. To the extent that the parties contend that the minimal differences are significant, the parties still failed to comply with the pretrial order as they did not: (a) include these proposed jury instructions in the joint submission; (b) designate these instructions as disputed; (c) assign the same instruction number to them; or (d) provide memoranda of law – organized by instruction number – regarding the disputed jury instructions. Additionally, Hyland filed her proposed jury instructions on April 8, 2011 – a day after they were due. ECF Nos. 55 and 69. The court **ORDERS** the parties to comply with the court's earlier pretrial order regarding the submission of proposed jury instructions and supporting memoranda, ECF No. 30 at 4, by April 14, 2011.

## B. Trial Briefs

The court ordered the parties to submit trial briefs on any issues of law. ECF No. 30 at 4. The parties did not submit any trials briefs. *Id.* The court **ORDERS** the parties to submit trial briefs on any issues of law by April 14, 2011.

## C. Proposed Voir Dire Questions

The court ordered the parties to submit joint proposed voir dire questions. ECF No. 30 at 4. Credit Protection Association filed proposed voir dire questions solely on its own behalf. ECF No.

59. The court **ORDERS** the parties to clarify whether the voir dire questions proposed by Credit Protection Association are acceptable to both parties by April 14, 2011.

### D.  Trial Exhibits Binders

The court further ordered the parties to lodge a joint, single set of trial exhibits with the deputy clerk, Lashanda Scott.  ECF No. 30 at 5.  The court also ordered the parties to lodge a second "chambers copy" of the binder of trial exhibits.  *Id.*  To date, the court has received only a single set of trial exhibits from Credit Protection Association.  Moreover, the numbering of the items in the joint exhibit list does not match the submitted trial exhibits.  ECF No. 58.  The court **ORDERS** the parties to comply with the court's earlier pretrial order regarding the lodging of trial exhibits, ECF No. 30 at 5, and to correct the table in the joint exhibit list by April 14, 2011.

### E.  Emailing of Joint Proposed Order, Jury Instructions, and Verdict Form

The court ordered the parties to email the joint proposed order, jury instructions, and the verdict form in Wordperfect or Microsoft-Word format to lbpo@cand.uscourts.gov.  ECF No. 30 at 5.  The parties failed to comply with this order.  The court **ORDERS** the parties to comply with the court's earlier pretrial order regarding the emailing of the joint proposed order, jury instructions, and the verdict form by April 14, 2011.

### F.  Clarification Regarding Deadline for Filing Objections, Oppositions, or Other Responses to Pretrial Filings

The court **ORDERS** the parties to file any objections, oppositions, or other responses by April 14, 2011.

### G.  Motions in Limine

The court **ORDERS** the parties to meet and confer in person or via telephone to discuss the motions in limine to determine whether the motions are necessary.  The court further **ORDERS** the parties to inform it by April 14, 2011, if Hyland has no objections to the motions or if Credit Protection Association wishes to withdraw the motions.

### H.  General Instructions

Given the parties' performance, the court **ORDERS** the parties to review the court's pretrial order and to comply with all directions therein.  For the parties' convenience, a copy of the June 30,

1  2010 pretrial order is attached.  To the extent that the parties identify additional failures to comply
2  with the pretrial order, the parties shall notify the court and shall correct the deficiencies by April
3  14, 2011.  The court further **ORDERS** the parties to confer in person or via telephone prior to
4  submitting their corrected filings.  The parties are reminded that a failure to comply with the court's
5  pretrial order may result in dismissal or other sanctions.  *See* Fed. R. Civ. P. 16(f) ("On motion or on
6  its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii),
7  if a party or its attorney . . . fails to obey a scheduling or other pretrial order.").
8  **IT IS SO ORDERED.**

10  Dated: April 12, 2011
11  _____
   LAUREL BEELER
   United States Magistrate Judge